IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA WADE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-58-PRW-BMJ |
| | ) |
| OFFICER CRONISTER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed a civil rights Complaint alleging excessive force and denial of medical care against state and federal law enforcement officials. (Comp.) [Doc. No. 1]. Plaintiff filed his suit in the United States District Court for the Eastern District of Oklahoma but, by agreement of both Courts, United States District Judge Patrick R. Wyrick and United States Magistrate Judge Bernard M. Jones, both serving in the United States District Court for the Western District of Oklahoma, were assigned to the case. [Doc. No. 11]. The Court ordered Plaintiff to show cause why the claims against the John Doe Defendants should not be dismissed based on untimeliness, and despite numerous extensions, *see* [Doc. Nos. 12, 13, 17], Plaintiff has not responded. For the reasons set forth below, it is recommended that the Court dismiss the claims against the five John Doe Defendants on screening.

**I.     Plaintiff's Claims**

Plaintiff alleges that on April 19, 2017, Defendant Officer Cronister, three John Doe Adair County officials, and two John Doe federal officials, arrested him in Crawford County, Arkansas. *See* Compl. at 2, 4, 6. Plaintiff claims the officers used excessive force and then refused him medical care before taking him to the Crawford County Jail. *See id.* at 6-7. Because Plaintiff has

sued both state and federal officials, the Court construes his claims as arising under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## II. Screening

Because Plaintiff is proceeding in forma pauperis and has sued government officials, the Court has a duty to screen the Complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).

Mirroring a Fed. R. Civ. P. 12(b)(6) review, the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him.  *See Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

## III. Analysis

For the reasons set forth below, the Court should dismiss Plaintiff's claims against the five John Doe Defendants, with prejudice, based on expiration of the statute of limitations.

Oklahoma's two-year statute of limitations governs civil rights claims in Oklahoma, whether filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) ("'A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues.'" (citation omitted); *see also* Okla. Stat. tit. 12, § 95(A)(3) (setting a two-year statute of limitations).  So, on the face of the Complaint, it appears Plaintiff's statute of limitations expired on April 19, 2019.  *See Beck v. City*

*of Muskogee Police Dep't*, 195 F.3d 553, 557-58 (10th Cir. 1999) (holding that "claims arising out of police actions toward a criminal suspect . . . are presumed to have accrued when the actions actually occur").

For Defendant Cronister, Plaintiff's Complaint – filed on February 19, 2019 – appears timely. However, the statute of limitations has now expired and substituting named-parties for "John Doe" defendants does not relate back to the original Complaint's filing date. *See Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004); *see also Bell v. City of Topeka, KS*, 279 F. App'x 689, 692 (10th Cir. 2008) (affirming the district court's order denying plaintiff's leave to amend, where plaintiff wished to amend to identify John Doe defendants and the statute of limitations against those parties had already expired); *Callahan v. Southwestern Medical Center*, No. CIV-03-1434-F, 2005 WL 1238770, at *7 (W.D. Okla. Apr. 29, 2005) (dismissing in part because "[a]ny attempt by [p]laintiff to file a second amended complaint naming the John Doe Defendants would be untimely, as the applicable two-year statute of limitations expired shortly after his original complaint was filed" and "replacing unidentified officials with specifically named officials does not relate back to the original complaint, so as to avoid the relevant statute of limitations"), *adopted*, 2005 WL 1656917 (W.D. Okla. July 7, 2005), *aff'd sub nom.* 178 F. App'x 837 (10th Cir. 2006). So, even if Plaintiff were eventually able to identify the three John Doe Adair County officials and two John Doe federal officials involved in his arrest, he would be unable to amend the complaint to identify those persons because the claims against them are already untimely absent tolling.

Oklahoma does permit tolling in limited circumstances:

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants

3

>engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young*, 554 F.3d at 1258 (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016).

Here, there is no suggestion that Plaintiff has been under a legal disability[1] or that anyone has engaged in fraud or misleading conduct. Moreover, the Court gave Plaintiff multiple opportunities to identify any exceptional circumstances justifying the delay in seeking relief in court and he failed to respond. Seeing no facts which would suggest such exceptional circumstances, the Court should find that Plaintiff's claims against the John Doe Defendants – even assuming they can be identified – are now time-barred and they should be dismissed with prejudice. *See Gee*, 627 F.3d at 1195 (affirming dismissal with prejudice of claims barred by the applicable statute of limitations).

## RECOMMENDATION

On screening, the Court should dismiss Plaintiff's claims against the three John Doe Adair County officials and two John Doe federal officials, with prejudice, as untimely. Should the Court adopt this Report and Recommendation, it is anticipated that Plaintiff will be granted permission to proceed against Defendant Cronister.

---

[1] "Incarceration has not been recognized as a 'legal disability' for purposes of tolling the limitations period under Oklahoma law." *Heuston v. Ballard*, 578 F. App'x 791, 793 (10th Cir. 2014).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 19, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral in this matter. ENTERED this 29th day of July, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE